FILED & ENTERED

OCT 11 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>EUGEN VALENTIN DIETL,<br><br><br><br>                    Debtor. | Case No. 2:17-bk-15007-RK<br><br>Chapter 11<br><br>**ORDER DENYING CREDITOR'S REQUEST FOR HEARING AS EMERGENCY OR ON SHORTENED NOTICE ON ITS MOTION TO CONVERT CASE TO CHAPTER 7 OR APPOINT A CHAPTER 11 TRUSTEE** |

    Pending before this court is the request of Creditor Law Office of Marilyn M. Smith for an emergency hearing, or a hearing on shortened notice on its Motion Under 11 U.S.C. § 1112(b)(1) to Convert to a Chapter 7 or Appoint a Chapter 11 Trustee ("Motion"), filed on October 10, 2017 (Docket No. 65).  RoseAnn Frazee, of the Frazee Law Group, represents Creditor.  The Motion contained a request by the Creditor for an emergency hearing on the Motion, or in the alternative, a hearing on shortened notice.

    The court has considered the Creditor's request for an emergency hearing or a hearing on shortened notice on the Motion and denies the request for the reasons

stated as follows:

1. Based on the circumstances described in the Motion, an emergency hearing is not warranted under Local Bankruptcy Rule 9075-1(a). The Motion is based solely on speculation of Creditor's counsel that Debtor would seek dismissal of the case without providing for payment of creditors based on Debtor's counsel's pending motion to withdraw: "On or about September 26, 2017, I received the Motion by Simon Resnik Hayes LLP to Withdraw as General Bankruptcy Counsel to the Debtor. The Motion states that Debtor has not taken steps for replacement counsel. Obviously then, Debtor could be planning to let this case be dismissed and take the money in the DIP account (if he does not already done so)." Counsel Declaration attached to Motion at 8, ¶ 5. There is no objective evidence to support counsel's assertion that Debtor has dissipated, or will dissipate, funds in the debtor-in-possession bank account, which is property of the bankruptcy estate subject to the court's supervision, in violation of the Bankruptcy Code. Any dismissal of the case would require an order of this court, which would require review and an opportunity for all parties entitled to notice, including Creditor, for notice and hearing pursuant to Section 1112 of the Bankruptcy Code, 11 U.S.C.

2. Creditor has not served a written application for an order for hearing on shortened notice under Local Bankruptcy Rule 9075-1(b)(4) on all parties entitled to notice of the application and the Motion, including all creditors, pursuant to Federal Rules of Bankruptcy Procedure 1017(f)(1), 2002(a)(4), 9013 and 9014.

///

///

-3-

3. The Motion may be noticed for hearing under the Local Bankruptcy Rule 9013-1 on regular 21-days notice to all interested parties, including all parties entitled to notice, including all creditors, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(4).

IT IS SO ORDERED.

###

Date: October 11, 2017

_____
Robert Kwan
United States Bankruptcy Judge